SCOTT A. KRONLAND (SBN 171693)
JONATHAN WEISSGLASS (SBN 185008)
ERIC P. BROWN (SBN 284245)
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Tel: (415) 421-7151
Fax: (415) 362-8064
E-mail: skronland@altber.com
jweissglass@altber.com
ebrown@altber.com

Attorneys for Defendants *City of Richmond* and *Mortgage Resolution Partners LLC*

BRUCE REED GOODMILLER (SBN 121491)
City Attorney
CARLOS A. PRIVAT (SBN 197534)
Assistant City Attorney
CITY OF RICHMOND
450 Civic Center Plaza
Richmond, CA 94804
Telephone: (510) 620-6509
Facsimile: (510) 620-6518
E-mail: bruce_goodmiller@ci.richmond.ca.us
carlos_privat@ci.richmond.ca.us

Attorneys for Defendant *City of Richmond*

WILLIAM A. FALIK (SBN 53499)
100 Tunnel Rd
Berkeley, CA 94705
Tel: (510) 540-5960
Fax: (510) 704-8803
E-mail: billfalik@gmail.com

Attorney for Defendant *Mortgage Resolution Partners LLC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RICHMOND, CALIFORNIA, a municipality, and MORTGAGE RESOLUTION PARTNERS LLC,<br><br>Defendants. | Case No. CV-13-3663-CRB<br><br>***EX PARTE* MOTION RE: SCHEDULING OF PRELIMINARY INJUNCTION MOTION**<br><br>Honorable Charles R. Breyer |

Defendant City of Richmond is one of the cities considering plans for a public program to acquire underwater mortgage loans so they can be restructured, possibly using eminent domain authority. This case advances various constitutional challenges to the use of the eminent domain power. Plaintiffs have moved for a preliminary injunction to prevent the City Council of the City of Richmond from commencing an eminent domain proceeding to condemn mortgage loans in which Plaintiffs assert an interest. At this point, however, there is no ripe dispute. The City Council has not adopted the required "resolution of necessity," nor is a public hearing for a proposed resolution even scheduled on an upcoming City Council meeting agenda. Defendants City of Richmond and Mortgage Resolution Partners therefore bring this motion to take the preliminary injunction hearing off calendar to prevent unnecessary expenditure of resources by Defendants and the Court and to allow full briefing and consideration of the issues only if and when that becomes necessary. An *ex parte* motion is permitted by Local Rule 7-10 and paragraph 4 of this Court's Standing Orders.

Under California law, "a public entity may not commence an eminent domain proceeding until its governing body has adopted a resolution of necessity." Cal. Code Civ. Proc. §1245.230. The adoption of a resolution of necessity requires notice to property owners, a supermajority vote, a description of the property to be taken, a statement of the public use, and findings by the governing body that, among other things, the "public interest and necessity" require the exercise of eminent domain authority. Cal. Code Civ. Proc. §§1245.230, 1245.235, 1245.240.

At this point, the City Manager has made offers to purchase mortgage loans in an effort to acquire them through voluntary transactions. The City Manager is willing to negotiate. Plaintiffs may or may not decide to negotiate – that is within their control. If purchases cannot be negotiated, the City may consider using its eminent domain authority, which would require that a proposed resolution of necessity be brought before the City Council for discussion. California law provides for property owners to receive *at least 15-days notice* if a local governing body intends to consider a resolution of necessity. Cal. Code Civ. Proc. §1245.235. The City has promised to give Plaintiffs that notice *if* the City Council intends to consider a proposed resolution of necessity. Declaration of Scott Kronland ("Kronland Dec.") Exh. A. Plaintiffs could present all their legal

and policy arguments to the City Council at that noticed public hearing. That is the democratic process and how the California open and public meeting laws embodied in the Brown Act work. Cal. Gov't Code §54950.

A resolution of necessity might never be proposed; or might not cover the particular loans at issue here; or might be rejected by the City's governing body; or the City Council might send the whole idea back to staff for further study and it might re-emerge in substantially different form. Whatever may happen in the future, the federal courts' jurisdiction is limited to deciding "ripe" claims. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). It is difficult to think of a better example of an unripe claim than one that depends upon the possible future decisions of a multi-member legislative body. Under Plaintiffs' theory of ripeness, the courts would issue preliminary injunctions to prevent Congress from considering a bill or make declaratory judgments about the legality of un-enacted legislation.

Further, the current opposition date of August 22 would not permit the Court to decide the motion with the full briefing and record necessary for proper review. The City would not have a fair opportunity to respond to Plaintiffs' submission of more than 550 pages in declarations and other supporting papers with its own substantial evidence as to the nature of problem, including irreparable harm to the City and its residents, as well as to Plaintiffs' over-long 21-page brief. Indeed, Defendants cannot adequately respond to arguments about whether a particular taking is for a "public use" when the City Council has not authorized the taking, and public use is part of what would be spelled out in a resolution of necessity. Similarly, arguments about the Commerce and Contract Clauses are best evaluated after the proposed taking is defined. The Court should not be forced to wade into these issues without a complete record and full briefing. The Court would need a full evidentiary record about the public interest supporting any resolution adopted by the City Council and the harm to City residents and the public interest from an injunction so the Court could consider the mandatory preliminary injunction factors.

Defendants intend to move to dismiss this entire case as unripe. In the meantime, the Court should take the preliminary injunction motion off calendar because it makes sense to decide Defendants' motion to dismiss the case as unripe before spending resources on an unnecessary preliminary injunction proceeding.

Plaintiffs will not be prejudiced. They would have ample notice within a statutorily proscribed timeframe if the City Council intends to consider a proposed resolution of necessity. They already filed their preliminary injunction motion papers; they could renew the motion immediately and request expedited consideration. Plaintiffs' demand that the City agree that its City Council would or would not do certain things in exchange for taking Plaintiffs' premature, unripe motion off calendar is unreasonable. Among other things, the City Council is a legislative body and is out of session on recess until September 10; no one has authority to make such commitments on behalf of the Council. The City Council can only make decisions when it meets as provided in the Brown Act.

In the event the Court does not take the preliminary injunction motion off calendar, Defendants respectfully request that the Court reschedule the hearing currently set for September 13, 2013. Defendants' lead counsel is unavailable on September 13 due to a long-scheduled vacation that requires leaving the country that morning. Kronland Dec. ¶5. Accordingly, Defendants request in the alternative that the hearing be moved to September 9, 10, 11, or 12, 2013. Although Plaintiffs oppose taking the preliminary injunction off calendar, they do not oppose this scheduling accommodation.

Dated: August 15, 2013

Respectfully submitted,

*<u>/s/ Scott A. Kronland</u>*
Scott A. Kronland

Scott A. Kronland
Jonathan Weissglass
Eric P. Brown
Altshuler Berzon LLP

Attorneys for Defendants
*City of Richmond* and
*Mortgage Resolution Partners LLC*

Bruce Reed Goodmiller
Carlos A. Privat
City of Richmond

Attorneys for Defendant *City of Richmond*

William A. Falik

Attorney for Defendant
*Mortgage Resolution Partners LLC*