PAUL J. HALL (State Bar No. 66085)
paul.hall@dlapiper.com
ISABELLE L. ORD (State Bar No. 198224)
isabelle.ord@dlapiper.com
MATTHEW COVINGTON (State Bar No. 154429)
matthew.covington@dlapiper.com
DLA PIPER LLP (US)
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for *Amici Curiae*
California Bankers Association,
American Bankers Association,
California Mortgage Bankers Association,
and California Credit Union League

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee, et al.,

Plaintiffs,

v.

CITY OF RICHMOND, CALIFORNIA, a municipality; and MORTGAGE RESOLUTION PARTNERS, L.L.C.,

Defendants.

CASE NO. CV-13-03663-CRB

**NOTICE OF MOTION AND MOTION OF CALIFORNIA BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, CALIFORNIA MORTGAGE BANKERS ASSOCIATION, AND CALIFORNIA CREDIT UNION LEAGUE FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE*, AND TO FILE MEMORANDUM AS *AMICI CURIAE*, IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION;**

**[PROPOSED] ORDER;**

**[PROPOSED] MEMORANDUM OF LAW AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION; AND**

**[PROPOSED] REQUEST FOR JUDICIAL NOTICE**

Date: September 13, 2013
Time: 10:00 a.m.
Judge: Hon. Charles R. Breyer

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that the California Bankers Association, American Bankers Association, California Mortgage Bankers Association, and California Credit Union League (the "*Amici Curiae*") respectfully request that the Court grant them leave to participate as *amici curiae* in this action, and to file the accompanying Memorandum and Request for Judicial Notice in support of Plaintiffs' Motion for a Preliminary Injunction and in opposition to Defendants' Motion to Dismiss. This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of the *Amici Curiae* and Request for Judicial Notice, and such oral argument as the Court may allow.

## I. DISCLOSURES

The *Amici Curiae* are non-profit trade associations. None of them are more than 10% owned by any public corporation. The Plaintiffs in this case are members of one or more of the *Amici Curiae*, but only in the capacity of dues-paying members, with no special ownership interest nor dues-paying beyond that of other members. No party to this case, nor its counsel, authored this brief in whole or in part, nor contributed money intended to fund the preparation or submission of this brief. No other person contributed money intended to fund the preparation or submission of this brief.

## II. STANDARD FOR MOTION FOR LEAVE TO PARTICIPATE AS *AMICI CURIAE*

In *Perry v. Schwarzenegger*, No. 9-cv-2292-JW (N.D. Cal.) (Dkt. 630, Apr. 21, 2010), then-Chief Judge Walker granted leave in the Proposition 8 case for the filing of more than 20 separate *amicus* briefs by more than 40 *amici*:

> The court may welcome amicus curiae submissions "concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide."

*Id.* at p.2, quoting *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F.Supp.2d 1061, 1067 (N.D. Cal. 2005); *see also Sonoma Falls Devs. LLC v. Nev. Gold & Casinos, Inc.*, 272 F.Supp.2d 919, 925 (N.D. Cal. 2003); *Craigslist, Inc. v. 3Taps, Inc.*, No. 12-cv-3816-CRB (N.D. Cal.)

(Dkt. 93, June 20, 2013) (Order granting leave to file amicus brief).

This is a "modest standard" which is readily satisfied in this case, which involves fundamental constitutional issues and potential material adverse economic effects on most residents of California. *Perry v. Schwarzenegger,* No. 9-cv-2292-JW (Dkt. 630), *supra* at p. 2.

## III. RESPONSE OF THE PARTIES TO REQUESTS FOR CONSENT

Plaintiffs have consented to *amicus* participation and filing of the accompanying Memorandum by the *Amici Curiae* in support of Plaintiffs' Motion for a Preliminary Injunction, provided that the filing does not cause a delay in the hearing on that motion (which it should not). On August 27, 2013, the undersigned counsel, and counsel for the other proposed *amici curiae*, spoke by telephone with Scott A. Kronland, Esq., counsel for Defendants, and requested Defendants' consent to the filing of *amicus* briefs by the following *amici* represented by the following counsel:

- Structured Finance Industry Group, Inc., represented by Dentons US LLP;
- Securities Industry and Financial Markets Association and the United States Chamber of Commerce, represented by Sidley Austin LLP; and
- California Bankers Association, American Bankers Association, and California Mortgage Bankers Association, represented by DLA Piper LLP (US). DLA Piper also represents proposed *amicus* California Credit Union League, who joined the existing group of *amici* after the initial telephonic request to Defendants' counsel.

These requests were confirmed by counsel to Mr. Kronland by e-mail, also on August 23, 2013. On August 28, 2013, Defendants' counsel sent an e-mail declining to consent, stating: "Defendants do not consent to the filing of amicus briefs. They would be untimely and unfair because Defendants already filed their opposition to the preliminary injunction motion."

In response, on August 29, 2013, the undersigned counsel suggested by e-mail to Mr. Kronland: "Your concern about timing may be resolved by a stipulation, subject to the approval of the Court, that Defendants may have one week, to September 4 (or September 5, if that works for the Court) to reply to the short amicus brief."

Defendants' counsel replied just 8 minutes later, without any attempt to negotiate a schedule, that "Defendants' position re amicus briefs remains unchanged."

The accompanying proposed Order includes a provision granting Defendants until September 5, 2013 to reply to the *Amici Curiae*'s brief. That schedule, if acceptable to the Court, will ensure that the date of the preliminary injunction hearing is not affected. The proposed *Amici Curiae* submit that their proposed schedule would give Defendants ample time to reply, comport with due process, and would allow the present hearing schedule (which the *Amici Curiae* do not seek to change) to remain in place.

## IV. STATEMENT OF IDENTITY AND INTEREST OF *AMICI CURIAE*: THE CALIFORNIA BANKERS ASSOCIATION

California Bankers Association ("CBA") is a non-profit association established in 1891 that represents most of the federally insured depository financial institutions in California. The CBA's members are California-based banks, mortgage lenders, loan originators and loan servicers whose primary interest is in the economic health of California. All of CBA's members are affected or will be affected by the City of Richmond's Home Preservation Program (the "Taking Program"), if it were not enjoined by this Court.

CBA is a leading voice for mortgage relief legislation in California, and has consistently supported tax relief and other legislation to benefit California homeowners. In 2013, the CBA co-sponsored (with the California Association of Realtors ("CAR")) a bill currently pending before the California state legislature, S.B. 30, which would re-extend California tax relief for residential mortgage debt forgiveness. The CBA and CAR co-sponsored a companion bill, A.B. 42, in the state Assembly.

The CBA has also actively participated in discussions on the use of eminent domain by California cities as a solution to the foreclosure crisis, as asserted by defendant Mortgage Resolution Partners, LLC ("MRP"). Representatives of the CBA have attended meetings and MRP presentations in cities throughout California and have dialogued with principals of MRP regarding the concerns discussed in the moving and reply papers of the Plaintiff bank trustees.

**THE AMERICAN BANKERS ASSOCIATION**

The American Bankers Association ("ABA") is the largest national trade association of the banking industry in the United States. It represents banks and bank holding companies of all sizes in each of the fifty states and the District of Columbia, including community, regional, and large money center banks. The ABA also represents savings associations, trust companies, and savings banks. ABA members hold approximately 95% of the United States banking industry's domestic assets. The ABA frequently appears in litigation, either as a party or *amicus curiae*, to protect and promote the interests of the banking industry and its members.

**THE CALIFORNIA MORTGAGE BANKERS ASSOCIATION**

The California Mortgage Bankers Association ("CMBA"), founded in 1955, is a non-profit trade association dedicated to representing the interests of California mortgage bankers and real estate finance professionals and companies whose primary business is the origination and servicing of residential and commercial mortgage loans in California. The CMBA represents over 220 member companies and the thousands of employees that run those entities. In 2012, CMBA's residential members originated over $80 billion and serviced over $37 billion in home mortgages. Its commercial members originated over $9 billion and serviced over $20 billion in commercial mortgages.

The CMBA seeks to promote a business, economic and legal environment conducive to the efficient and ethical conduct of all aspects of mortgage banking and real estate finance. It regularly advocates for its members before the California Legislature, with California regulators, and in California courts. It is a periodic contributor of *amicus curiae* briefs in state and federal courts on matters that have a significant impact on mortgage bankers and the California real estate finance industry.

**THE CALIFORNIA CREDIT UNION LEAGUE**

The California Credit Union League ("CCUL") is the largest state trade association for credit unions in the United States and for more than 75 years has played an important role in ensuring the sustained health of credit unions. The CCUL represents almost 300 credit unions with over $120 billion in assets and nine million members in California. Credit unions are

financial cooperatives that are not-for-profit institutions, owned by the members of the credit union.

## V. REASONS WHY THE EXPERTISE OF THESE *AMICI CURIAE* ARE BENEFICIAL TO THIS COURT

The *Amici Curiae* are, quite literally, the voice of the mortgage lending and banking industries in California and nationally. Their expertise in the areas of mortgage lending and real estate transactions, and their status as the largest and most established mortgage lending and banking industry groups in California and in the United States, makes them uniquely situated to address the potential effects of the Taking Program.

The attached proposed brief of the *Amici Curiae* will provide analysis not otherwise available to the Court regarding the economic effects of uncertainty created by the Taking Program, which will chill or prevent mortgage lending in Richmond and in California generally, depress property values and stifle economic recovery, and create ruinous tax consequences for participant homeowners. In particular, the proposed brief explains:

1. The Federal Housing Finance Agency, the conservator of Fannie Mae, Freddie Mac, and the Federal Home Loan Banks has issued a detailed General Counsel Memorandum explaining that, for both constitutional and safety and soundness reasons, it may be required to direct its conservatees and regulated institutions to refuse to buy new mortgages potentially subject to the Taking Program.
2. While the legal uncertainty based on constitutional challenges to the Taking Program exists, title insurance companies will refuse to insure New Loans refinanced under the Taking Program, leaving Richmond with a portfolio of seized loans that it cannot afford to keep, and homeowners with homes that are impossible to sell.
3. Loan principal reductions under the Taking Program may—and likely will—leave affected homeowners with ruinous tax liability because there is no exception to taxation for such loan forgiveness in California (despite the CBA's efforts), and the Federal exemption expires in three months. Thus, homeowners who opted-in

to the Taking Program, which does not provide for cash-out proceeds to the homeowners, would have tax liabilities that most of them could not pay.

4. The mass revaluation of more than 600 homes in Richmond would depress neighboring real estate values throughout that City, to the detriment of all Richmond homeowners, and would result in downward tax reassessments that would drastically reduce Richmond's tax base, to the detriment of all Richmond residents.

5. Historical experience, including the 1978 decision of *Wellenkamp v. Bank of America*, 21 Cal. 3d 943 (1978), shows that interference in real estate contract terms will decrease availability and increase costs of home loan credit, causing real estate illiquidity.

## VI. CONCLUSION

The *Amici Curiae* respectfully request that the Court grant their motion for leave to participate as *amici curiae*, and to file the accompanying Memorandum and Request for Judicial Notice in support of Plaintiffs' Motion for a Preliminary Injunction.

Respectfully submitted,

Dated: August 29, 2013

DLA PIPER LLP (US)

By /s/ Paul J. Hall
PAUL J. HALL
ISABELLE L. ORD
MATTHEW COVINGTON
Attorneys for *Amici Curiae*
CALIFORNIA BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, CALIFORNIA MORTGAGE BANKERS ASSOCIATION, AND CALIFORNIA CREDIT UNION LEAGUE