IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF RICHMOND, CALIFORNIA, a municipality, and MORTGAGE RESOLUTION PARTNERS LLC,<br><br>    Defendants. | No. C 13-03663 CRB<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION** |

    Before the Court are Plaintiffs' Motion for a Preliminary Injunction (dkt. 8) and Defendants' Motion to Dismiss (dkt. 38). For the reasons stated in open court at the hearing held on September 12, 2013, the Court finds that Plaintiffs' claims are not ripe for adjudication.[1]

    The Court further concludes that it must dismiss the case rather than hold it in abeyance. Ripeness of these claims does not rest on contingent future events certain to occur, but rather on future events that may never occur. In contrast to the facts in the cases Plaintiffs cite,[2] such as

---

[1] See Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (quoting Thomas v. Union Carbide Agric. Prods. Co., 473 U.S. 568, 580-81 (1985)); Freedom to Travel Campaign v. Newcomb, 82 F.3d 1431, 1441 (9th Cir. 1996) ("The mere possibility that [an official] may act in an arguably unconstitutional manner . . . is insufficient to establish the real and substantial controversy required to render a case justiciable under Article III.") (internal quotation omitted).

[2] See, e.g., Wheaton Coll. v. Sebelius, 703 F.3d 551, 553 (D.C. Cir. 2012) (case not fit for review and "should be held in abeyance pending the new rule that the government has promised will be issued soon"); Am. Petroleum Inst. v. EPA, 683 F.3d 382, 390 (D.C. Cir. 2012) (case held in

1  proposed agency rules that will become final in some form, or pending suits in other jurisdictions
2  that will reach some disposition, the issues here may never reach a resolution.  Plaintiffs are not, for
3  example, challenging a proposal of the City Council that may or may not raise constitutional
4  concerns depending on the contours of the final version—put simply, there may never be a "final
5  version." Because there is no point at which it will be determined that Plaintiffs' claims are not ripe
6  and will never become ripe, the matter could linger in abeyance for an indefinite period of time.
7  Under these circumstances, a stay is not appropriate.

8      Accordingly, the Court DENIES Plaintiffs' Motion for a Preliminary Injunction and
9  DISMISSES this matter for lack of subject matter jurisdiction without prejudice.[3]

10 **IT IS SO ORDERED.**

13 Dated:  September 16, 2013

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

---

abeyance until agency's final action on proposed rule); <u>Pardee v. Consumer Portfolio Servs., Inc.</u>, 344 F. Supp. 2d 823, 839 (D.R.I. 2004) (case not ripe and proceedings stayed until related cases in other jurisdictions resolved).

[3] Plaintiffs argue that they should be granted leave to amend their complaint to address the ripeness deficiency. The Court that finds that no amendment at this point would cure the lack of subject matter jurisdiction.  Nor does the Court find it appropriate to impose conditions on dismissal, particularly given that the Court's lack of jurisdiction is the very reason for dismissal.

2